Chief Justice Robertson
delivered the Opinion of the Court.
On the 19th of December, 1807, Bodley, Hughes and Pogue sold and conveyed to Shotwell, two hundred and nineteen acres of land, supposed to be included in a tract of ten thousand a.cres, granted to Tibbs and ■Crutcher, whose title had passed to the vendors. On the 28th of March, 1811, Shotwell reconveyed to the same persons, “all the land that might be found to interfere between a survey” of four hundred acres, in the name of íohn Mosby, and the two hundred and nine *282 teen acres which thev had conveyed to Shotwell; anc?, on the same day, tliey conveyed to James Brown, two thousand one hundred and sixty nine acres, including, as was then believed, the land which Shotwell liad reConveved to them. Pogue undertook, by bis separate covenant, to pay to Shotwell, eighteen months after the date of the conveyance, four dollars an acre, as the entire consideration for the interference then of unascertained quantity, but which, as Pogue alleges, ivas estimated at seventy five acres.
Tii.e bill in this case ; its allegations and prayer for relief, in various inodes, against-thejudg’t at law,
Afterwards, not being able, in consequence of doubts respecting the true position of Mosby’s four hundred acre survey, to agree as to the extent of the interference between that survey and the two hundred and nineteen .acres — the one party contending for about one hundred and forty three acres, and the other for about thirteen acres, — Shotwell sued Pogue on his covenant; and, in August, 1827, Shotwell having died, and the suit having been revived in the name of his administrator, judgment was rendered against Pogue, for seven hundred and thirty five dollars, in damages.
To enjoin that judgment, Pogue filed a bill in chancery against the administrator and heirs of Shotwell and against Bodley and the heirs of Hughes — alleging that the jury had been grossly mistaken as to the extent of tiie interference for which he had covenanted to'pay ; that fifty acres of that interference, as the jury must have established it, had been conveyed by Shot-well to one Dye, previously to his conveyance to Bodley .& Co., and therefore, to that extent, Shotwell liad no title, and the consideration had failedthat Shotwell liad never surrendered the possession of the land which he had reconveved to Bodley & Co. and that his heirs still retained the possession, although neither .Brown’s deed to him, nor the conveyance by Bodley & Co. to Brown, including the whole of if; that, from his own calculation, upon what he deemed the proper data, he inferred that, assuming, as the jury must have done, one hundred and forty .three acres as the quantity for which he had covenanted to pay four dollars an acre, credit had not been given in the assessment of damages, *283 for one hundred and ninety dollars which he had paid to Shotwell, in August, 1814, and which was, rather obscurely, endorsed on the covenant: and therefore praying for an injunction, and fora decree for a credit for the hundred and ninety dollars, and for the land which had been conveyed to Dye, and for restitution of the possession of so much of the land conveyed by Shotwell to Bodley & Co., as was not embraced by their deed to Brown ; and lastly, and more comprehensively, for a perpetuation of the entire injunction,, and a restitution of a part of the one hundred and ninety dollars, on the ground that, (as he alleged and averred that he could prove,) the true extent of the interference was not one hundred and forty three acres, and did not exceed about thirteen acres.
Decree of the circuit court, fy writs of error by both parties.
Decree, enjoin ing -‡190 with its interest,-— an am’t which Pogue had paid to Shotwell before suit, and which he charges that the jury failed to allow credit for, reversed — itap pearing, by a calculation upon the data on which the verdict was made up, that the ju ry did allow thy. credit — though the answer concedes that they did not.
The circuit court having perpetuated the injunction for the one hundred and ninety dollars and legal interest thereon from the time of payment, and dissolved it for the residue of the judgment, without making any further or other decree in favor of Pogue, both parties have prosecuted writs of error.
We have been unable to perceive sufficient ground for perpetuating the injunction for the payment of one hundred and ninety dollars, made in 1814. For, although the administrator concurred, in his answer, so far with the calculation exhibited in the bill, as to be induced to admit, as a probable deduction, that the jury had not considered the endorsement on the covenant, of the credit for one hundred and ninety dollars, and therefore had not included it in their estimate of the damages ; nevertheless it is demonstrable, that both parties were mistaken in their conjectural calculations, and that the one hundred and ninety dollar credit must have been allowed'by the jury. It is evident, that the basis of the assessment was a decision lay the jury, that Mosby’s survey of four hundred acres interfered with the two hundred and nineteen acres conveyed by Bodley & Co. to Shotwell, to the extent of one hundred and forty three acres, as contended for by Shotwell in the action at law. It is equally evident th'at, in order to make the amount of. the verdict, (seven hundred and *284 twenty five dollars,) interest, whether erroneously or not, was allowed from the time when Pogue was to pay, to the date of the verdict. And it is indisputably certain, that, after deducting the hundred and ninety dollars, those data would produce a balance rather larger than tiie amount of the verdict. Hence, as Pogue did not positively affirm, and Shotwell did not positively admit, that the hundred and ninety dollars had been pretermitted by the jury, but the opinion of .each of them was an erroneous deduction from presumed premises, and, as there is not only no other evidence of any omission or mistake by the jury, but intrinsic proof that the credit of one hundred and ninety dollars was deducted in assessing the damages, we feel constrained to decide .that Pogue has not shewn that ho was entitled to that credit again.
Reversal, also, for Pogue.
Chancery cannot relieve against a judgment, upon the ground that the verdict was rendered excessive by erroneous de ductions of the jury, from the evidence: a new trial at law, is the only remedy.
A party in possession of land, agrees to reconvey a portion, on which there is an interfering claim, to his grantor; who gives his note to pay $4 an a-®e, -for it — the quantity then unknown. In a suit, by the administrator of the obligee in the note, (who had died in the meantime,) the jury are satisfied, that, the interference is 143 acres — verdict and judg’t accordingly. — The interferenue was reaiiy far less: but the-representatives of the decedent (the’ no parties to the suit at law,) are estopped from shoeing that fact, in, a suit in chaneery, for relief against the judgment. They shall reconvey the 143 acres, or so much of it as they holdj and, till they do so, the injunctionmay be con tinued; for go much as they cannot restore, and for the rents and profits of the whole, they shall accou t ; and thus far the injunction may be perpetuated.
*284 But we must also reverse the decree for error, in other respects, prejudicial to Pogue.
We are satisfied that, although the verdict may have been grossly and manifestly erroneous in assuming, as must have been done, so great an interference as one hundred and forty three acres, no sufficient ground has been established, or even alleged, for authorizing a revision or modification of the judgment by the chancellor. The only appropriate remedy was an appeal to this court, there being no proof, or satisfactory allegation, that Pogue had not ample opportunity for making all the proper preparation.
Nevertheless, we are of opinion, that Pogue is entitled to some relief in a different mode. Mosby’s survey of four hundred acres, laid down as Pogue insisted, before the jury, it had been originally made and should be, established, and as we too are strongly inclined to think it was made,"and should be settled, includes only about thirteen acres, of the two hundred and nineteen acres conveyed, by Bodley & Co. to Shotwell; which interference, whatevér it may be in quantity, is embraced by the deed from Bodley & Co. to Brown, and the deed from him to Shotwell, and does not include any. part of the fifty acres conveyed by Shotwell to Dye. And consequently, according to this view of the case, *285 as Shotwell had reconveyed to Bodley & Co. nothing but the interference, and as Pogue’s obligation was given for that consideration alone, there would be no ground for a perpetuation of the injunction to any extent, of for any decree for restitution of possession.
But, laying dowq Mosby’s survey, as the jury must have decided that it should be laid dpwn, so as to produce an interference to the extent of one hundred and forty three acres, it will include a part of the fifty acres, which Shotwell had conveyed to Dye, and a considerable portion of Shotwell’s two hundred and nineteen acres, not embraced by the deed from Bodley & Co. to Brown, when truly applied, and some land also not included in Brown’s deed to Shotwell. If then this be the true position of Mosby’s survey of four hundred acres, it is evident that, as Shotwell reconveyed to Bodley & Co. the whole interference, or, in other words, the one hundred and forty three acres, Shotwell’s representatives should surrender the possession of so much of that quantity as Brown did not convey to him, and so much, also, as Bodley & Co. had not conveyed to Brown, excepting the parcel covered by Shotwell’s conveyance to Dye, previously to his deed to Bodley & Co., and for which, as Shotwell had no title to it, his representatives should account. Whether such be the true position of Mosby’s survey, or whether its proper and actual position, as originally made, will include one hundred and forty three, or only thirteen acres, of the two hundred and nineteen acres conveyed by Bodley & Co. to Shotwell, should not be deemed material in this suit; for, as the administrator has obtained a judgment for damages, for the one hundred and forty three acres, and could not have been entitled to any judgment whatever, unless he had prevailed on the jury to decide, that the. interference was to that extent, he is so far estopped that he should not be permitted to prove that the true interference is only thirteen acres, or other quantity less than one hundred and forty three; and certainly equity could not permit the administrator to coerce the damages adjudged to him for one hundred and forty three acres, and also suffer the heirs to hold the same *286 land, oil the ground that the actual and true interfereiice is only to the extent'of about thirteen acres, and that they are not estopped by the trial or.the judgment at law, to which they were no parties. The representatives are not entitled to both the judgment and the land for which it was given. Pogue is surely entitled to be relieved from such manifest injustice, and a court of equity is the appropriate forum for the proper adjustment of the equity resulting from such a state of case, produced by great and unaccountable mistakes by Brown and Pogue and Shotwell himself. When Brown conveyed to Shotwell, he labored under a mistake as to the true boundary of the deed from Bodley & Co. to himself ; for it is evident that he conveyed to Shotwell, land which Bodley & Co. had never conveyed to him, according to the true boundary of their deed, running to D on the plat. It seems to us, then, that Pogue is entitled to a perpetuation of his injunction to so much of the judgment as must have been given for the quantity of land included by Shotwell’s deed to Dye, and by the survey of Mosby, when laid down in the manner in which the jury must have deemed it to lie; and to a perpetuation also, of the entire injunction, until the heirs of Shotwell shall make restitution of all the residue of the land embraced by the one hundred and forty three acres, and not included by the deed from Bodley & Co. to Brown; and also, if such restitution shall be made, to a perpetuation of the injunction for the value of the rents and profits of the land so restared, to be ascertained by the court.
It dpes not appear, that Brown had any other available title than that conveyed to him by Bodléy & Co.; nor does it appear, that Shotwell had any other right than that which he derived from Brown and from Bodley & Co. A restitution, or injunction, therefore to the extent which has just been suggested, seems to be but right and equitable, and will only, so far, place the parties in statu quo.
Brown, as lie is no party, will not be affected by this opinion.
*287 Wherefore, it is decreet! by tiiis court, that the decree Of the circuit court be and the same is hereby reversed, and the cause remanded, for a decree according to the foregoing opinion.